UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN FLEEMAN,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF KERN, et al.,<br><br>Defendants. | No. 1:20-cv-00321-NONE-JLT<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. Nos. 11, 23) |

Plaintiff Justin Fleeman is a former employee of the Kern County Sheriff's Department and was a candidate for sheriff in 2018. Following plaintiff's election defeat, he was investigated for disclosures made during the campaign and his employment was terminated. Plaintiff seeks to hold the County liable for violating his civil rights under the First Amendment, retaliation for engaging in political activity, whistleblower retaliation, wrongful discharge, and a violation of PAGA. The County moved for dismissal of all claims arising under California law pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 11.) Plaintiff opposed the motion to dismiss, asserting that he complied with all pre-filing requirements and that the facts alleged in his complaint are sufficient to support his state law claims. (Doc. No. 15.) Defendants filed a reply in support of the motion. (Doc. No. 16.)

/////

On January 14, 2021, the undersigned referred the pending motion to the assigned magistrate judge for purposes of issuing findings and recommendations. (Doc. No. 21.) On February 19, 2021 findings and recommendations were issued recommending that defendants' motion to dismiss be granted. (Doc. No. 23.) On March 5, 2021 plaintiff filed objections to the pending findings and recommendations. Having carefully reviewed the file, including plaintiff's objections, for the reasons explained below the court finds the pending findings and recommendations to be supported by the record and proper analysis and therefore will adopt the recommendation and grant defendants' motion to dismiss.

**I.    Findings of the Magistrate Judge**

As an initial matter, the magistrate judge took judicial notice of a tort claim filed by plaintiff Fleeman on February 28, 2019, which was denied on March 6, 2019. (Doc. No. 23 at 6–7.) The magistrate judge observed that Fleeman "does not dispute that the government tort claim—and the related denial notice—address facts alleged in the complaint." (*Id.* at 7.) In addition, the magistrate judge observed:

> In the First Claim, Fleeman indicated that he intended to file suit for several causes of action, including "retaliation for engaging in political activity in violation of California Government Code sections 3201 et seq., Labor Code sections 1101 and 1102 [and] whistleblower retaliation in violation of Labor Code section 1102.5.["] (Doc. 11-1 at 6[.]) Importantly, these claims are now included in the complaint, which includes the following causes of action under state law: (1) retaliation for engaging in political activity in violation of Cal. Lab. Code §§ 1101, 1102, 3201; whistleblower retaliation in violation of Cal. Lab. Code § 1102.5, and "wrongful discharge for lawful off-duty conduct" in violation of Cal. Lab. Code § 96(k). (*See* Doc. 1 at 1, 11–14, emphasis omitted[.]) The only distinction is that in the First Claim, Fleeman did not identify a cause of action under Section 96(k). (*Compare* Doc. 1 at 1 *with* Doc. 11-1 at 6[.])

(*Id.* at 14.)

The magistrate judge noted that in the February 2019 tort claim, Fleeman identified several acts that may constitute "adverse employment actions" to support his claims for retaliation, including "the internal affairs investigation that began only weeks after he lost the election, administrative leave, and removal of peace officer powers." (*Id.*) Thus, the magistrate judge opined that "Fleeman is unable to argue that his retaliation claims had not accrued prior to

1   the filing of the First Claim," and "a new tort claim was not required prior to Fleeman filing suit
2   against the County, because there was no legal defect." (*Id.* at 15 (citing *Sofranek v. Cnty. of
3   Merced*, 146 Cal. App. 4th 1238, 1249 (2007)).)  The magistrate judge also found that plaintiff's
4   February 2019 tort claim "governed any civil suit addressing Fleeman's retaliation claims, and the
5   civil action should have been filed within six months of the denial of the First Claim, or no later
6   than September 6, 2019." (*Id.* at 15.)  Because plaintiff did not file his complaint in this action
7   until February 28, 2020, the magistrate judge concluded the complaint was untimely and
8   recommended dismissal of plaintiff's retaliation claims arising under state law. (*Id.* at 15.)

9         Although the magistrate judge found that plaintiff's claim for whistleblower retaliation
10  was untimely filed, she also determined plaintiff had failed to allege facts sufficient to support his
11  claim under California Labor Code § 1102.5.  (*Id.* at 15–21.)  The magistrate judge determined
12  that plaintiff failed "to provide sufficient information in his complaint to support a conclusion that
13  he made disclosures related to activity he believed to be in violation of federal or state statute to
14  law enforcement agents." (*Id.* at 17.)  In addition, the magistrate judge noted:  "To the extent
15  Plaintiff alleges he made statements about the 'known' conduct of Sheriff Department employees
16  engaging in 'inappropriate sexual conduct,' known conduct may not support his claim because
17  California courts have indicated the word 'disclosure' under Section 1102.5 'means to reveal
18  something that was hidden and not known.'" (*Id.* at 17 n.4 (citations omitted).)  The magistrate
19  judge ultimately concluded that plaintiff Fleeman failed to state a cognizable claim under §
20  1102.5(b) because he did not "identify a specific statute, rule, or regulation that he believed the
21  County violated—or provide a legal foundation for this belief in the complaint . . ." (*Id.* at 20–
22  21.)  Therefore, the magistrate judge recommended that the claim also be dismissed on this
23  ground.

24        The magistrate judge found that plaintiff's fourth cause of action for wrongful termination
25  in violation of California Labor Code § 96(k) failed because "[c]ourts have established that
26  Section 96(k) did not create a private right of action." (*Id.* at 22.)  Although plaintiff asserted that
27  "Labor Code Sections 244 and 98.7(g) permit employees to sue in court for violations of Labor
28  Code Section 96(k)," the magistrate judge observed the fourth claim was not based upon §§ 244

and 98.7(g), but rather upon "Cal. Lab. Code § 96(k), standing alone." (*Id.* at 22–23.) Thus, the magistrate judge recommended that plaintiff's fourth cause of action be dismissed without leave to amend, but nevertheless recommended that plaintiff be granted leave to amend "to state a wrongful termination claim, if he can state a claim under a different state statute." (*Id.* at 26.)

Finally, the magistrate judge determined that plaintiff's fifth cause of action for a violation of PAGA failed because plaintiff "intended to bring the claim on his own behalf" and did not state a cause of action for any other aggrieved employees. (*Id.* at 25.) Because "this Court and others have concluded a plaintiff cannot bring a PAGA claim only on his own behalf," the magistrate judge recommended that plaintiff's PAGA claim be dismissed. (*Id.*)

## II.     Objections to the Findings and Recommendations

The parties were granted fourteen days to file any objections to the findings and recommendations and were "advised that failure to file objections within the specified time may waive the right to appeal the District Court's order." (Doc. No. 23 at 27 (citing *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014)).) Plaintiff timely filed objections on March 5, 2021. (Doc. No. 25.)

Plaintiff asserts in his objections that the magistrate judge erred both in recommending dismissal of his claims for retaliation as untimely, and in finding that his "first tort claim stated a claim." (*Id.* at 12–19; *see also id.* at 14.) He asserts: "As an entirely new cause of action arose at the time Plaintiff was terminated, [he] complied with the California Tort Claims Act and sued within the appropriate deadline." (*Id.* at 12 (emphasis omitted).) Plaintiff contends that the second tort claim denial he received made "it clear that any issues/allegations/claims not addressed in the First Claim but addressed in the Second Claim, including any issues/allegations/claims which occurred after the filing of the First Claim, apply and relate to the Second Claim, not the First Claim." (*Id.* at 12.) Plaintiff maintains he "fully complied with the Tort Claims Act and his claims based on retaliatory termination of employment are timely." (*Id.* at 13.)

According to plaintiff, the magistrate judge erred in recommending dismissal of his claim brought pursuant to California Labor Code § 96(k) claim "[a]s Labor Code Sections 244 and

4

98.7(g) permit employees to sue in court for violations of Labor Code Section 96(k)." (*Id.* at 19 (emphasis omitted).) Plaintiff asserts that he also states a cognizable claim under § 96(k) because it "provides a remedy for violation of established constitutional rights," and he has "allege[d] termination in violation of his right to free speech under the Constitution." (*Id.* at 20.)

Plaintiff also contends that "PAGA authorizes suits in cases where there is only one aggrieved employee." (*Id.* at 21.) In this regard he argues: "No authority requires the state – nor, by extension, a PAGA plaintiff – to seek penalties for violations involving employees other than the PAGA litigant himself or herself." (*Id.*) Plaintiff contends that if PAGA claims were limited to those brought on behalf of more than one individual, "had the LWDA sought to investigate and intervene in this case, it would not have been able to pursue penalties for violations of Labor Code sections 96(k), 1101, 1102, and 1102.5 – even though Labor Code section 2699.5 expressly identifies those provisions as statutory violations subject to civil penalties - merely because a second employee was not also fired for running a political campaign against Sheriff Youngblood." (*Id.* at 24.) Therefore, plaintiff requests that the court deny defendants' motion to dismiss as to his PAGA claim. (*Id.* at 25.)

Finally, plaintiff requests leave to amend "to allege that Defendant is estopped from arguing claims arising from events occurring after Plaintiff filed his first tort claim are time barred." (*Id.* at 17.) To the extent the court adopts the recommendations for dismissal of his claims, plaintiff also requests leave to file an amended complaint, "which clarifies Plaintiff is only seeking damages for his termination and not for any adverse employment actions that occurred prior to termination." (*Id.* at 26.)

**III.   Discussion**

A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations . . . ." 28 U.S.C. § 636(b)(1). If objections to the findings and recommendations are filed, "the court shall make a *de novo* determination of those portions of the report or specified proposed finding or recommendations to which objection is made." *Id.* A *de novo* review requires the court to "consider[] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

### A. Timeliness of the Retaliation Claims

Under the California Tort Claims Act, no suit for "money or damages" may be brought against a public entity until a written claim has been presented to the public entity and the claim either has been acted upon or is deemed to have been rejected. Cal. Gov't Code, §§ 905, 945.4. Claims must be presented to the appropriate agency no later than six months after the accrual of the cause of action. Cal. Gov't Code § 911.2(a). The claim need only allege sufficient detail to reasonably enable the public entity to make an adequate investigation. *Blair v. Superior Ct.*, 218 Cal. App. 3d 221, 225 (1990). When "a plaintiff relies on more than one theory of recovery . . ., each cause of action must have been reflected in a timely claim" and the factual basis for each claim must be "fairly reflected in the written claim." *Nelson v. State of Cal.*, 139 Cal. App. 3d 72, 79 (1982). "The filing of a claim is a condition precedent to the maintenance of any cause of action against the public entity and is therefore an element that a plaintiff is required to prove in order to prevail." *DiCampli-Mintz v. Cnty. of Santa Clara*, 55 Cal. 4th 983, 990 (2012).

On February 28, 2019, plaintiff submitted a tort claim against Kern County, indicating that his claims included "retaliation for engaging in political activity in violation of Labor Code sections 1101 and 1102, [and] whistleblower retaliation in violation of Labor Code section 1102.5." (Doc. No. 11-1 at 6.) Plaintiff described statements made by Sheriff Youngblood and alleged that the sheriff "repeatedly disclosed his retaliatory animus to the press." (*Id.* at 6–7.) Plaintiff also noted that an internal affairs investigation targeting him began shortly after he lost the election and that a "Notice of Administrative Leave/Revocation of Peace Officer Powers" was issued on September 20, 2018. (*Id.* at 8.) On March 7, 2019, the County issued a "Notice of Action Taken on Claim," indicating the tort claim "was not acted upon by the Board" and was "deemed rejected on its merits." (*Id.* at 14.)

On August 28, 2019, plaintiff submitted a second tort claim, in which he again expressed an intent to sue for claims that included "retaliation for engaging in political activity in violation of California Government Code sections 3201 et seq., Labor Code sections 1101 and 1102, [and] whistleblower retaliation in violation of Labor Code section 1102.5." (Doc. No. 1 at 21.) Plaintiff again summarized all the events he had presented in his first tort claim and merely added

that he had been fired by the County for "false and unsubstantiated reasons." (*Id.* at 30.) Plaintiff asserted he "was terminated for his general reference and expressed desire to put an end to sexual impropriety and misconduct within the Department." (*Id.* at 29.) Further, he stated his termination was "because he ran against Sheriff Youngblood and lost." (*Id.* at 30.)

Notably, as the magistrate judge observed, claims for retaliation under California Labor Code §§ 1101, 1102, and 1102.5 do not require termination as an element. (Doc. No. 23 at 14.) To state a cognizable claim under these statutes, a plaintiff must allege only that: "(1) he engaged in a protected activity, (2) the employer subjected him to an adverse employment action, and (3) there is a causal link between the two." (*Id.* (quoting *Armendariz v. City of Burbank*, 2016 WL 6875918 (Cal. App. Nov. 22, 2016)).) However, the "protected activity" varies under the different statutes. (*Id.*) In his tort claim submitted in February 2019, plaintiff indicated he had engaged in protected speech and as a result had been subjected to adverse employment actions that included an internal affairs investigation beginning only weeks after he lost the election, being placed on administrative leave, and the removal of his peace officer powers. (*See* Doc. No. 11-1 at 7–11.) Thus, it is apparent that the findings and recommendations correctly concluded that plaintiff's first tort claim was sufficient to give the County notice of his claims for retaliation and whistleblower retaliation.

Moreover, plaintiff's objections fail to acknowledge the fact that while a claim for wrongful termination did not arise until he was fired, his claims as stated both in his tort claims and in the complaint filed in this action were for *retaliation*. Under a claim for retaliation, termination would add to the adverse actions committed and be relevant as to damages, but termination is not a necessary element of a claim for retaliation. Because plaintiff's first tort claim was sufficient to give the County notice of his claim for retaliation, any civil action for *retaliation* was required to be filed within six months of the date the tort claim was denied. On the other hand, any civil action for *wrongful termination*—raised for the first time in plaintiff's tort claim submitted in August 2019—was required to be filed within six months of the denial of plaintiff's second tort claim. Plaintiff filed his complaint in this action on February 28, 2020, which was more than six months after his first tort claim was denied. Therefore, plaintiff's

7

1 retaliation causes of action asserted in this action were untimely filed. *See Sofranek*, 146
2 Cal.App.4th at 1249 (if the first tort claim was proper, a new tort claim "was not a necessary
3 predicate to filing a lawsuit"). Accordingly, the findings and recommendations recommending
4 that plaintiff's retaliation claims be dismissed as untimely will be adopted and defendants' motion
5 to dismiss the retaliation claims will be granted.

**B.     Sufficiency of the Whistleblower Retaliation Claim**

To state a claim for whistleblower retaliation under California Labor Code § 1102.5, a plaintiff must allege that "[he] engaged in protected activity, that [he] was thereafter subjected to adverse employment action by [his] . . . employer, and there was a causal link between the two." *Robles v. Agreserves, Inc.*, 158 F. Supp. 3d 952, 1008 (E.D. Cal. 2016) (quoting *Soukup v. Law Offices of Herbert Hafif*, 39 Cal. 4th 260, 287–88 (2006)); *see also Patten v. Grant Joint Union High Sch. Dist.*, 134 Cal. App. 4th 1378, 1384 (2005).

A plaintiff engages in protected activity under § 1102.5 "if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation." Cal. Lab. Code § 1102.5(a), (b). In this regard, state and federal courts alike have determined that a plaintiff must identify a specific state or federal statute, rule, or regulation he believed was violated. *Carter v. Escondido Union High Sch. Dist.*, 148 Cal. App. 4th 922, 933 (2007); *Fitzgerald v. El Dorado Cnty.*, 94 F. Supp. 3d 1155, 1172 (E.D. Cal. 2015) ("the employee must be able to point to some legal foundation for his suspicion—some statute, rule or regulation which may have been violated by the conduct he disclosed"); *Love v. Motion Indus., Inc.*, 309 F. Supp. 2d 1128, 1135 (N.D. Cal. 2004) (without citing to "any statute, rule or regulation that may have been violated by the disclosed conduct," the plaintiff lacked "any foundation for the reasonableness of his belief").

Notably, plaintiff does not address the conclusion reached in the pending findings and recommendations that the allegations of his complaint are insufficient to support an inference or conclusion that he engaged in protected activity under § 1102.5. (*See generally* Doc. No. 25 at 11–26.) Specifically, in his complaint plaintiff alleges:

/////

8

> One of Mr. Fleeman's campaign messages was to the effect that, if elected, Mr. Fleeman would put a stop to employees engaging in sexually inappropriate conduct – including extra-marital sexual relationships with other Deputies' spouses, sexual relations with subordinates, engaging in sexual relations while on duty, and engaging in inappropriate sexual relations with Sheriff's Activities League participants. Numerous Sheriff's Department employees were known to previously engage in such inappropriate sexual conduct on numerous occasions. Mr. Fleeman understood and reasonably believed that amongst the biggest problems facing the Sheriff's Department was the seemingly rampant, unbecoming, and potentially illegal and inappropriate sexual conduct occurring within the Department. During the campaign, Mr. Fleeman criticized Mr. Youngblood for turning a blind eye to such conduct and failing to take adequate and appropriate action to deter such conduct.

(Doc. 1 at 3 ¶ 14.) However, there are no allegation in plaintiff's complaint regarding what statements were allegedly made or to whom in giving his "campaign messages." Plaintiff's complaint also fails to identify what statute, rule, or regulation that he believed the County violated, nor do its allegations provide the legal foundation for this belief in that regard. Consequently, the facts alleged in plaintiff's complaint are insufficient to support a whistleblower retaliation claim under California Labor Code § 1102.5. Therefore, defendants' motion to dismiss plaintiff's third cause of action will be granted as well.

### C. Plaintiff's Claim under California Labor Code § 96(k)

Plaintiff's fourth cause of action is for "termination for lawful, off-duty conduct" in violation of California Labor Code § 96(k). (Doc. No. 1 at 14 (emphasis omitted).) As noted above, plaintiff argues that the magistrate judge erred in recommending dismissal of this cause of action because "Labor Code Sections 244 and 98.7(g) permit employees to sue in court for violations of Labor Code Section 96(k)." (Doc. No. 25 at 19 (emphasis omitted).) However, as the magistrate judge correctly observed, this cause of action as asserted in the complaint is based *solely* upon § 96(k). (*See* Doc. No. 1 at 14.)

Significantly, both state and district courts alike have determined § 96(k) provides only a procedure for the Labor Commissioner and does not provide for a private right of action. *See, e.g.*, *Barbee v. Household Auto. Finance Corp.*, 113 Cal. App. 4th 525, 535 (2003) (stating § 96 "simply outlines the types of claims over which the Labor Commissioner shall exercise jurisdiction"); *Grinzi v. San Diego Hospice Corp.*, 120 Cal. App. 4th 72 (2004) (stating § 96(k)

9

1  "does not set forth an independent public policy that provides employees with any substantive rights, but rather, merely establishes a procedure by which the Labor Commissioner may assert, on behalf of employees, recognized constitutional rights"); *see also Newson v. Walmart, Inc.*, No. CV-F-09-663 OWW/GSA, 2009 WL 1844351, at *7–8 (E.D. Cal. June 23, 2009) (finding no private cause of action under § 96(k), and dismissing the plaintiff's causes of action for violations of § 96(k)); *Howe v. Target Corp.*, No. 20-cv-252-MMA (DEB), 2020 WL 5630273, at *11 (S.D. Cal. Sept. 19, 2020) (dismissing a bad faith and wrongful termination claim brought under § 96(k)).

Moreover, plaintiff's alleged termination in violation of the Constitution does not cure this pleading defect. The Southern District of California recently rejected a similar argument advanced by a plaintiff who stated a claim for wrongful termination grounded upon § 96(k). *Howe*, 2020 WL 5630273, at *10–11. There, the plaintiff asserted that her wrongful termination claim under § 96(k) should not be dismissed because she also alleged a violation of her right to privacy. *Id.* at *10. The court rejected this argument because § 96(k) provided only a procedure for the Labor Commissioner to employ, not a substantive right. *Id.* at *11. Therefore, the plaintiff's claim for wrongful termination premised on § 96(k) was dismissed. *Id.* Similarly, plaintiff has based his wrongful termination claim solely upon § 96(k). Thus, his claim fails as a matter of law, and the recommendation for dismissal of plaintiff's fourth cause of action will be adopted.

### D.     **Individual PAGA Claim**

Plaintiff asserts the pending findings and recommendations erroneously conclude that he is unable to state a cognizable claim under PAGA as an individual. (Doc. No. 25 at 19.) Notably, however, plaintiff relies only on his arguments previously presented and fails to acknowledge the authorities cited in the findings and recommendations. (*See id.* at 19–24.) As the magistrate judge observed, this court and others have determined that "[t]he plain language of the statute permitting PAGA actions states that a plaintiff must bring such an action 'on behalf of himself or herself *and* other current or former employees.'" *Ortiz v. Hobby Lobby Stores, Inc.*, 52 F. Supp. 3d 1070, 1088 (E.D. Cal. 2014) (quoting Cal. Lab. Code § 2699(a) (emphasis added)); *Reyes v.*

10

*Macy's, Inc.*, 202 Cal. App. 4th 1119, 1123 (2011); *see also Machado v. M.A.T. & Sons Landscape, Inc.*, No. 2:09-cv-00459 JAM JFM, 2009 WL 2230788, at *2 (E.D. Cal. July 23, 2009) ("a PAGA claim must be brought as a representative action"); *Mutchler v. Circle K Stores, Inc.*, No. 20cv1239-GPC (BGS), 2020 WL 5511985, at *4 (S.D. Cal. Sept. 14, 2020) ("[a] single plaintiff cannot state an individual claim for PAGA penalties").

Plaintiff unequivocally indicated in his LWDA Notice with respect to the PAGA claim that he was "mak[ing] this complaint *on behalf of himself* for violations of the California Labor Code." (Doc. No. 1 at 49 (emphasis added).)  Because plaintiff's LWDA Notice indicated he was the only aggrieved employee, his claim under PAGA fails. *See Ortiz*, 52 F.Supp.3d at 1088; *Reyes*, 202 Cal.App.4th at 1123.  Accordingly, the court will also adopt the recommendation that defendants' motion to dismiss be granted as to plaintiff's fifth cause of action with leave to amend also being granted.

### E. Leave to Amend

Despite the pleading deficiencies identified above, plaintiff may be able to state a cause of action for wrongful termination under a different statute.  Plaintiff may also be able to state a PAGA claim on behalf of others.  Accordingly, the court will grant plaintiff leave to file an amended complaint to attempt to cure these identified pleading deficiencies.

## IV. Conclusion

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and *Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983), the undersigned has conducted a *de novo* review of the case.  Having carefully reviewed the file, including plaintiff's objections to the pending findings and recommendations, the court finds the findings and recommendations are supported by the record and proper analysis.  Accordingly,

1. The findings and recommendations dated February 19, 2021 (Doc. No. 23), are adopted in full and defendants' motion to dismiss is granted;
2. Plaintiff's second cause of action for retaliation is dismissed without leave to amend;

/////

11

3. Plaintiff's third cause of action for whistleblower retaliation is dismissed without leave to amend;

4. Plaintiff's fourth cause of action for violation of California Labor Code § 96(k) is dismissed without leave to amend;

5. Plaintiff's fifth cause of action under PAGA is dismissed with leave to amend, provided plaintiff can state a PAGA cause of action within the confines of Federal Rule of Civil Procedure 11;

6. Plaintiff is also granted leave to amend to attempt to state a wrongful termination claim; and

7. Any amended complaint which plaintiff elects to file, if any, shall be filed within thirty (30) days of the date of this order.

IT IS SO ORDERED.

Dated: **March 31, 2021**

_____
UNITED STATES DISTRICT JUDGE