UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN FLEEMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF KERN, *et al.*,<br><br>    Defendants. | Case No. 1:20-cv-00321-JLT-CDB<br><br>ORDER DENYING WITHOUT PREJUDICE STIPULATED PROTECTIVE ORDER<br><br>(Doc. 76) |

On October 28, 2024, the parties filed a proposed stipulated protective order. (Doc. 76). As discussed in more detail below, the undersigned is authorized to enter protective orders (Local Rule 302(1)) provided they comply with Local Rule 141.1. The Court has reviewed the proposed stipulated protective order and concludes it does not comply with Local Rule 141.1. For the reasons set forth below, the Court DENIES without prejudice the parties' request to enter the proposed, stipulated protective order.

The Court separately notes that the parties did not lodge a copy of the filing in Word format to the chamber's email box at CDBorders@caed.uscourts.gov, as required by Local Rule 137(b), and directs the parties to remedy this deficiency with any renewed filing.

//

//

**The Stipulated Protective Order Fails to Comply with Local Rule 141.1(c)**

The proposed stipulated protective order does not comply with Local Rule 141.1.  Pursuant to Rule 141.1(c), any proposed protective order submitted by the parties must contain the following provisions:

(1) A description of the types of information eligible for protection under the order, with the description provided in general terms <u>sufficient to reveal the nature of the information</u> (e.g., customer list, formula for soda, diary of a troubled child);

(2) A showing of <u>particularized need</u> for protection as to each category of information proposed to be covered by the order; and

(3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c) (emphasis added).

Here, the protective order does not set forth any sufficient description of the types of information eligible for protection, nor any explanation as to what particularized need for protection is required, nor does the protective order set forth why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Accordingly, IT IS HEREBY ORDERED that the parties' request for approval of the proposed stipulated protective order (Doc. 76) is DENIED without prejudice.  The parties may re-file a revised, stipulated protective order that complies with Local Rules 137 and 141.1(c) and remedies the deficiencies set forth in this order.

IT IS SO ORDERED.

Dated:  **October 29, 2024**  _____
UNITED STATES MAGISTRATE JUDGE

2