Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
Cheryl Johnson-Hartwell (SBN 221063)
E-mail: cjohnson-hartwell@bwslaw.com
Viviano E. Aguilar (SBN 306029)
E-mail: vaguilar@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, California 90071-2953
Tel: 213.236.0600   Fax: 213.236.2700

Attorneys for Defendants COUNTY OF KERN,
DONNY YOUNGBLOOD, RICHARD GARRETT,
DUSTIN CONTRERAS, WILLIAM
DAVIS, DAVID KESSLER, and
T.R. MERICKEL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| JUSTIN FLEEMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF KERN, a County of the State of California; DONNY YOUNGBLOOD, an individual; RICHARD GARRETT, an individual; DUSTIN CONTRERAS, an individual; WILLIAM DAVIS, an individual; DAVID KESSLER, an individual; and T.R. MERICKEL, an individual,<br><br>Defendants. | Case No. 1:20-cv-00321-JLT-CDB<br><br>**STIPULATED PROTECTIVE ORDER; PROPOSED ORDER** |

Plaintiffs and Defendants, by and through their respective counsel, hereby stipulate for the purpose of jointly requesting that the honorable Court enter a protective order as to the privileged, confidential documents in this matter pursuant to Federal Rule of Evidence 26 and Eastern District Local Rules 140, 141, 141.1, 143 and 251 as follows:

**1.    PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public

disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

Specifically, Plaintiff Mr. Fleeman is a former Chief Deputy of the Kern County Sheriff's Department.  This case arises out of his termination from the Department after losing his 2018 bid to be elected as the Kern County Sheriff. Plaintiff alleges that his termination constitutes retaliation for his political activities and for a speech he gave during his campaign. Plaintiff contends his campaign for Sheriff centered on a message "that, if elected, [he] would put a stop to employees engaging in sexually inappropriate conduct[—]including extra-marital sexual relationships with other Deputies' spouses, sexual relations with subordinates, engaging in sexual relations while on duty…" (SAC, Doc. 47 at ¶ 14.)

A confidential personnel investigation (and report) preceded Plaintiff's termination. Numerous non-party witnesses—primarily law enforcement officers and officials--were interviewed as a part of the investigation. Personnel information of law enforcement officers/officials is subject to a right of privacy and disclosure limitations under, e.g., the Police Officer Bill of Rights. Another issue in this case is whether Plaintiff disclosed confidential personnel information of law enforcement officers prior to his termination. In addition to Plaintiff's candor with respect to the confidential personnel investigation.

The types of information eligible for protection under the order include the aforementioned confidential personnel investigation report and the confidential personnel information of law enforcement officers. As much of the anticipated confidential information in this case concerns the privacy rights of third-parties, this matter is not well suited for resolution by private agreement between the parties warranting entry of a protective order.

Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth below, that this Stipulation and Order creates no entitlement to file confidential information under seal; and that Eastern District Local Rule 141 sets forth the procedures that

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4868-7938-2003 v1

2

1:20-cv-00321-JLT-CDB
STIPULATED PROTECTIVE ORDER

must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. DEFINITIONS

**2.1** **Party**: any party to this action, including all of its officers, directors, employees, consultants, retained experts, house counsel and outside counsel (and their support staff).

**2.2** **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.3** **"CONFIDENTIAL" Information or Items**: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including, but not limited to, information protected from disclosure by the Health Insurance Portability and Accountability Act of 1996, 45 C.F.R. §§ 160, *et. seq.* ("HIPAA").

**2.4** **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

**2.5** **Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

**2.6** **Designating Party**: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

**2.7** **Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" under the provisions of this Stipulation and Protective Order. (The term "Confidential Document" shall be synonymous with the term "Protected Material" for the purposes of this Stipulation and Protective Order.)

**2.8** **Outside Counsel**: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action.

**2.9** **House Counsel:** attorneys who are employees of a Party (as well as their support staffs).

**2.10** **Counsel (without qualifier)**: Outside Counsel of Record and House Counsel (as well as their support staff).

**2.11** **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's; as well as any person retained, designated, or disclosed by a Party as an expert pursuant to Federal Rule of Civil Procedure 26(a)(2).

**2.12** **Professional Vendors**: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**3. <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4. <u>DURATION</u>**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

otherwise directs. Final disposition shall be deemed to be the later of:

    **(1)**    dismissal of all claims and defenses in this action, with or without prejudice; and

    **(2)**    final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

**5.1 Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**5.2 Manner and Timing of Designations.** Except as otherwise provided in this Order (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

**(a)** **for information in documentary form** (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4868-7938-2003 v1

5

1:20-cv-00321-JLT-CDB
STIPULATED PROTECTIVE ORDER

1  portion or portions of the material on a page qualifies for protection, the Producing Party also must

2  clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

3        A Party or Non-Party that makes original documents or materials available for inspection

4  need not designate them for protection until after the inspecting Party has indicated which material

5  it would like copied and produced. During the inspection and before the designation, all of the

6  material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting

7  Party has identified the documents it wants copied and produced, the Producing Party must

8  determine which documents, or portions thereof, qualify for protection under this Order.  Then,

9  before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL"

10  legend to each page that contains Protected Material.  If only a portion or portions of the material

11  on a page for protection, the Producing Party also must clearly identify the protected portion(s)

12  (*e.g.*, by making appropriate markings in the margins).

13        **(b)**    **for testimony given in deposition or in other pretrial or trial proceedings**, that

14  the Designating Party identify on the record, before the close of the deposition, hearing, or other

15  proceeding, all protected testimony.

16        **(c)**    **for information produced in some form other than documentary and for any**

17  **other tangible items**, that the Producing Party affix in a prominent place on the exterior of the

18  container or containers in which the information or item is stored the legend "CONFIDENTIAL."

19  If only a portion or portions of the information or item warrant protection, the Producing Party, to

20  the extent practicable, shall identify the protected portion(s), specifying the material as

21  "CONFIDENTIAL."

22        **5.3**    **Inadvertent Failures to Designate.**  If timely corrected, an inadvertent failure to

23  designate qualified information or items does not, standing alone, waive the Designating Party's

24  right to secure protection under this Order for such material.  Upon timely correction of a

25  designation, the Receiving Party must make reasonable efforts to assure that the material is treated

26  in accordance with the provisions of this Order.

27        **5.4**    **Alteration of Confidentiality Stamp.**  A Receiving Party shall not alter, edit, or

28  modify any Protected Material so as to conceal, obscure, or remove a "CONFIDENTIAL" stamp

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4868-7938-2003 v1

6

1:20-cv-00321-JLT-CDB
STIPULATED PROTECTIVE ORDER

or legend thereon; nor shall a Receiving Party take any other action so as to make it appear that Protected Material is not subject to the terms and provisions of this Stipulation and Order. However, nothing in this section shall be construed so as to prevent a Receiving Party from challenging a confidentiality designation subject to the provisions of section 6, *infra*.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1    Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2    Meet and Confer.** The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**6.3    Judicial Intervention.** If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Eastern District Local Rules 230 and 251 (and in compliance with Eastern District Local Rules

1 141 and 141.1, if applicable) within 21 days of the parties agreeing that the meet and confer
2 process will not resolve their dispute, or by the first day of trial of this matter, whichever date is
3 earlier, unless the parties agree in writing to a longer time.  Each such motion must be
4 accompanied by a competent declaration affirming that the movant has complied with the meet
5 and confer requirements imposed in the preceding paragraph. In addition, the Challenging Party
6 may file a motion challenging a confidentiality designation at any time if there is good cause for
7 doing so, including a challenge to the designation of a deposition transcript or any portions
8 thereof. Any motion brought pursuant to this provision must be accompanied by a competent
9 declaration affirming that the movant has complied with the meet and confer requirements
10 imposed by the preceding paragraph.

11 The burden of persuasion in any such challenge proceeding shall be on the Designating
12 Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose
13 unnecessary expenses and burdens on other parties) may expose the Challenging Party to
14 sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to
15 file a motion to retain confidentiality as described above, all parties shall continue to afford the
16 material in question the level of protection to which it is entitled under the Producing Party's
17 designation until the court rules on the challenge.

18 **6.4. Withdrawal of "CONFIDENTIAL" Designation.** At its discretion, a Designating
19 Party may remove Protected Material/Confidential Documents from some or all of the protections
20 and provisions of this Stipulation and Order at any time by any of the following methods:

21 **(a) Express Written Withdrawal.** A Designating Party may withdraw a
22 "CONFIDENTIAL" designation made to any specified Protected Material/Confidential
23 Documents from some or all of the protections of this Stipulation and Order by an express
24 withdrawal in a writing signed by such Party (or such Party's Counsel, but not including staff of
25 such Counsel) that specifies and itemizes the Disclosure or Discovery Material previously
26 designated as Protected Material/Confidential Documents that shall no longer be subject to all or
27 some of the provisions of this Stipulation and Order. Such express withdrawal shall be effective
28 when transmitted or served upon the Receiving Party. If a Designating Party is withdrawing

Protected Material from only some of the provisions/protections of this Stipulation and Order, such Party must state which specific provisions are no longer to be enforced as to the specified material for which confidentiality protection hereunder is withdrawn: otherwise, such withdrawal shall be construed as a withdrawal of such material from all of the protections/provisions of this Stipulation and Order;

**(b) Express Withdrawal on the Record.** A Designating Party may withdraw a "CONFIDENTIAL" designation made to any specified Protected Material/Confidential Documents from all of the provisions/protections of this Stipulation and Order by verbally consenting in court proceedings on the record to such withdrawal – provided that such withdrawal specifies the Disclosure or Discovery Material previously designated as Protected Material/Confidential Documents that shall no longer be subject to any of the provisions of this Stipulation and Order. A Designating Party is not permitted to withdraw Protected Material from only some of the protections/provisions of this Stipulation and Order by this method;

**(c) Implicit Withdrawal by Publication or Failure to Oppose Challenge.** A Designating Party shall be construed to have withdrawn a "CONFIDENTIAL" designation made to any specified Protected Material/Confidential Documents from all of the provisions/protections of this Stipulation and Order by either (1) making such Protected Material/Confidential Records part of the public record – including but not limited to attaching such as exhibits to any filing with the court without moving, prior to such filing, for the court to seal such records; or (2) failing to timely oppose a Challenging Party's motion to remove a "CONFIDENTIAL" designation to specified Protected Material/Confidential Documents. Nothing in this Stipulation and Order shall be construed so as to require any Party to file Protected Material/Confidential Documents under seal, unless expressly specified herein.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

    7.1    **Basic Principles.**  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4868-7938-2003 v1

9

1:20-cv-00321-JLT-CDB
STIPULATED PROTECTIVE ORDER

been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2    Disclosure of "CONFIDENTIAL" Information or Items.**  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

**(a)**    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**;

**(b)**    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

**(c)**    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

**(d)**    the court and its personnel;

**(e)**    court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

**(f)**    during their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and/or

**(g)**    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

///

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

**(a)** promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

**(b)** promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

**(c)** cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**(b)** In the event that a Party is required, by a valid discovery request, to produce a Non-

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4868-7938-2003 v1

11

1:20-cv-00321-JLT-CDB
STIPULATED PROTECTIVE ORDER

Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

  **(1)**   promptly notify in writing the Requesting Party and the Non- Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

  **(2)**   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

  **(3)**   make the information requested available for inspection by the Non-Party.

 **(c)**   If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.**   <u>**UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**.

**11.**   <u>**INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the

Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12.    PUBLICATION OF PROTECTED MATERIAL**

**12.1 Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

**12.2 Right to Assert Other Objections.** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**12.3. Filing Protected Material.** Without written permission of all parties or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Party's request to file Protected Material under seal pursuant to Civil Local Rule 141(b) is denied by the court, then any Party may file the information in the public record pursuant to Civil Local Rule 141(e) unless otherwise instructed by the Court.

**12.4. Public Dissemination of Protected Material.** A Receiving Party shall not publish, release, post, or disseminate Protected Material to any persons except those specifically delineated and authorized by this Stipulation and Order; nor shall a Receiving Party publish, release, leak,

post, or disseminate Protected Material/Confidential Documents to any news media, member of the press, website, or public forum (except as permitted under section 12.1 regarding filings with the court in this action and under seal).

**13.    FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material— whether retained by the Receiving Party or its Counsel, Experts, Professional Vendors, or any nonparty to whom the Receiving Party produced or shared such records or information.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

**IT IS SO STIPULATED.**

Dated: November 5, 2024                              BURKE, WILLIAMS & SORENSEN, LLP

By: _____/s/ Viviano E. Aguilar_____
Susan E. Coleman
Cheryl Johnson-Hartwell
Viviano E. Aguilar
Attorneys for Defendants COUNTY OF KERN, DONNY YOUNGBLOOD, RICHARD GARRETT, DUSTIN CONTRERAS, WILLIAM DAVIS, DAVID KESSLER, and T.R. MERICKEL

Dated:  November 5, 2024                              SCHWINLAW, PC

By: _____/s/ Kevin Schwin (as authorized on 11/5/24)_____
Kevin Schwin
Attorneys for Plaintiff, JUSTIN FLEEMAN

**ORDER**

For good cause shown, the parties' stipulated request for protective order (Doc. 78) is GRANTED.

IT IS SO ORDERED.

Dated: **November 6, 2024**

_____
UNITED STATES MAGISTRATE JUDGE

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4868-7938-2003 v1

15

1:20-cv-00321-JLT-CDB
STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of *Justin Fleeman v. County of Kern, et al.*, Case No. 1:20-cv-00321-JLT-CDB. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4868-7938-2003 v1

16

1:20-cv-00321-JLT-CDB
STIPULATED PROTECTIVE ORDER