1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   JUSTIN FLEEMAN,                          Case No. 1:20-cv-00321-JLT-CDB

12                Plaintiff,
                                              ORDER RE REQUEST FOR
13         v.                                 RESOLUTION OF DISCOVERY
                                              DISPUTES
14   COUNTY OF KERN, *et al.*,
                                              (Docs. 93, 94)
15                Defendants.
                                              ORDER CONTINUING DEADLINE TO
16                                            COMPLETE NONEXPERT DISCOVERY
                                              FOR LIMITED PURPOSE
17

18                                            Deadline:  March 27, 2025

19

20         Currently before the Court is a discovery dispute that the parties have agreed to submit to

21   the Court for adjudication through the Court's informal discovery dispute procedure.

22   **Background**

23         Plaintiff Justin Freeman, formerly the Chief Deputy at the Kern County Sheriff's

24   Department, commenced this action against the County of Kern and several of its

25   agents/employees with the filing of a complaint on February 28, 2020.  (Doc. 1).  He filed the

26   operative second amended complaint ("SAC") on December 23, 2021.  (Doc. 47).  On December

27   4, 2023, the Court granted in part Defendants' motion to dismiss - specifically, dismissing a state

28   law cause of action for wrongful termination for disclosure of working conditions, but leaving

1   intact the remaining claims.  (Doc. 49).  Accordingly, the case proceeds on Plaintiff's two causes

2   of action for (1) violation of the First Amendment pursuant to 42 U.S.C. § 1983, and (2)

3   wrongful termination, brought under Cal. Labor Code §§ 1101 and 1102, and Cal. Gov't Code

4   §§ 3201, et seq.  Plaintiff's claims arise from his termination from the Sheriff's Department after

5   losing his 2018 bid to be elected as the Kern County Sheriff.  Plaintiff alleges that his

6   termination constitutes retaliation for his political activities and for a speech he gave during his

7   campaign.

8        Following its ruling on Defendants' motion to dismiss, the Court convened with the

9   parties for scheduling conference.  (Doc. 70).  Thereafter, on January 24, 2024, the Court entered

10  a scheduling order.  (Doc. 71).  As requested by the parties (*see* Doc. 69 at 3), the Court set a

11  deadline of December 6, 2024, for the completion of nonexpert discovery.  Notwithstanding

12  Defendants' acknowledgment prior to the scheduling of the case that they would require a

13  protective order to produce peace officer personnel records and/or reports of confidential

14  investigations (*see* Doc. 69 at 4-5), the parties did not seek a stipulated protective order from the

15  Court until nine months after discovery opened.  *See* (Doc. 76).

16       Three weeks prior to the close of nonexpert discovery, the parties requested the Court

17  grant a 90-day extension.  (Doc. 80).  The Court found good cause to grant the extension and

18  reset the deadline to complete nonexpert discovery for March 7, 2021.  (Doc. 81).  To ensure the

19  parties acknowledged their obligation to diligently pursue and timely complete discovery within

20  the scheduled case management dates, the Court required the parties to file a discovery

21  management report setting forth discovery completion milestones. *Id.* at 2-3.  The parties timely

22  filed the required report in which they memorialized their agreement and timeline for scheduling

23  depositions.  (Doc. 82).  Relevant here, the parties reported that Defendants would provide dates

24  of availability for their Rule 30(b)(6) deponent no later than December 4, 2024.  *Id.* at 2.

25       Nevertheless, the parties did not complete nonexpert discovery within the 90-day

26  extended period of time, prompting them to seek another, brief extension for the limited purpose

27  of completing two noticed depositions (including the deposition of Kern County's Rule 30(b)(6)

28  witness). (Doc. 86).  The Court found good cause to grant a 14-day extension for the limited

1    purpose of completing the depositions.  (Doc. 87).

2         Approximately ten minutes before the noticed deposition of the Rule 30(b)(6) witness,

3    Kern County transmitted to Plaintiff's counsel objections to the deposition notice in which it

4    purported to narrow various of the noticed deposition topics and stated it "will not produce a

5    witness to testify" on approximately 12 of the 22 identified topics and subtopics.  (Doc. 94 Ex.

6    B).  Plaintiff noticed Kern County of these deposition topics as early as November 2024 in

7    Plaintiff's first Rule 30(b)(6) notice of deposition to Kern County.  However, Kern County never

8    applied for a protective order or otherwise sought relief of court in connection with its objections

9    to the deposition topics.

10        On March 20, 2025, the Court convened with the parties to address discovery disputes the

11   parties identified in a joint letter brief concerning the above-referenced Rule 30(b)(6) deposition.

12   (Docs. 93-96).  Counsel Kevin Schwin and Mythily Sivarajah appeared on behalf of Plaintiff and

13   Counsel Keiko Kojima appeared on behalf of Defendants.  At the beginning of the conference,

14   the parties agreed to resolution of the identified discovery disputes outside the Local Rule 251

15   formal parameters and agreed to abide by an order of the Court after the conference resolving the

16   disputes, subject to seeking review by the assigned district judge pursuant to Fed. R. Civ. P.

17   72(a) under the "clearly erroneous" or "contrary to law" standards.

18        For the reasons set forth and preserved on the record and detailed below, the Court rules

19   as follows.

20   **Governing Legal Standard**

21        Rule 26 provides that a party "may obtain discovery regarding any nonprivileged matter

22   that is relevant to any party's claim or defense and proportional to the needs of the case,

23   considering the importance of the issues at stake in the action, the amount in controversy, the

24   parties' relative access to relevant information, the parties' resources, the importance of the

25   discovery in resolving the issues, and whether the burden or expense of the proposed discovery

26   outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  Information need not be admissible in

27   evidence to be discoverable.  *Id*.  *See, e.g., Ford v. Unknown*, No. 2:21-cv-00088-DMG-MAR,

28   2023 WL 6194282, at *1 (C.D. Cal. Aug. 24, 2023) ("Defendants are permitted to discover

1    inadmissible information and bear the risk of asking questions at a deposition that could

2    ultimately be useless at trial."). "Evidence is relevant if: (a) it has any tendency to make a fact

3    more or less probable than it would be without the evidence; and (b) the fact is of consequence in

4    determining the action."  Fed. R. Evid. 401.

5         Although relevance is broadly defined, it does have "ultimate and necessary boundaries."

6    *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978).  The relevancy standard under

7    Rule 26 is assessed and applied while keeping in mind that "[t]he purpose of discovery is to

8    make trial less a game of blind man's bluff and more a fair contest with the basic issues and facts

9    disclosed to the fullest extent possible, and to narrow and clarify the issues in dispute." *Jadwin*

10   *v. Cnty. Of Kern.*, No. 1:07-cv-0026-OWW-TAG, 2008 WL 2025093, *1 (E.D. Cal. May 9,

11   2008) (quotation and citations omitted).

12        Under Rule 30(b)(6), a party may name an organization as a deponent. The named

13   organization must then designate an officer, director, or managing agent to testify about

14   information known or reasonably available to the organization.  Organizational parties have a

15   duty to make a "conscientious, good-faith effort to designate knowledgeable persons for Rule

16   30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the

17   designated subject matter." *Bd. of Trustees of Leland Stanford Junior Univ. v. Tyco Int'l Ltd*.,

18   253 F.R.D. 524, 526 (C.D. Cal. 2008) (quotation and citation omitted).  "As with all discovery, a

19   Rule 30(b)(6) deposition must be directed to non-privileged matter that is relevant to a claim or

20   defense and that is proportional to the needs of [the] case, considering the importance of the

21   issues at stake in the action, the amount in controversy, the parties' relative access to relevant

22   information, the parties' resources, the importance of the discovery in resolving the issues, and

23   whether the burden or expense of the proposed discovery outweighs its likely benefit. *Johnson*

24   *v. City of San Jose*, No. 21-cv-01849-BLF (VKD), 2023 WL 3687968, at *1 (N.D. Cal. May 25,

25   2023).

26        "The party who resists discovery has the burden to show that discovery should not be

27   allowed, and has the burden of clarifying, explaining, and supporting its objection." *Jadwin*,

28   2008 WL 2025093, at *1 (quotation and citations omitted).  Relevant here, a party seeking to

4

1    prevent a deposition from taking place "must demonstrate good cause – specific prejudice or

2    harm – before a protective order will issue." *Fram v. Memory Enters. LLC,* No. CV 17-7172-

3    MWF (JPRx), 2018 WL 5903922, at *2 (C.D. Cal. Sept. 17, 2018) (internal quotation and

4    citations omitted). *Accord Pac. Marine Ctr., Inc. v. Silva*, No. 1:09-cv-1409-LJO-GSA, 2010

5    WL 2754351, at *3 (E.D. Cal. July 9, 2010).

6    **Discussion**

7          **A. Kern County's Refusal to Produce a Rule 30(b)(6) Witness**

8          In its written objections transmitted to Plaintiff approximately ten minutes prior to the

9    noticed time for the deposition of its Rule 30(b)(6) witness, Kern County stated it "will not

10   produce a witness to testify" on 12 of the noticed deposition topics. (Doc. 94 at Ex. B). Kern

11   County offers no authority either in the parties' joint letter brief or in response to the

12   undersigned's questions during the discovery dispute conference in support of the proposition

13   that a party may – without seeking a protective order or equivalent relief from a court –

14   unilaterally refuse to comply with a deposition notice. *Cf*. Fed. R. Civ. P. 30(c)(2) ("A person

15   may instruct a deponent not to answer *only when necessary to preserve a privilege, to enforce a*

16   *limitation ordered by the court, or to present a motion under Rule 30(d)(3)*.") (emphasis added).

17         Kern County's conduct in unilaterally refusing to comply with its discovery obligations

18   in connection with the duly noticed Rule 30(b)(6) deposition is particularly egregious given that

19   it had notice of the deposition topics it asserts are objectionable *approximately four months* prior

20   to the Rule 30(b)(6) witness appearing for deposition – more than sufficient time to conduct

21   meet/confer efforts regarding its challenges to the propriety of the deposition topics and, if

22   unsuccessful, to apply to this Court for a protective order or similar relief.

23         Kern County explained during the discovery dispute conference that its principal

24   objection as to the 12 deposition topics for which it refused to produce a witness was that the

25   anticipated deposition testimony is protected by attorney-client privilege. To its credit, counsel

26   conceded during the discovery dispute conference that the appropriate manner to assert such

27   objections is on a question-by-question basis during the deposition, not as a blanket objection to

28   justify its decision to fail to produce a witness at all.

1    Just as its blanket assertion of privilege as a purported basis for refusing to produce a

2    Rule 30(b)(6) witness is wrong legally, Kern County's refusal is wrong as a factual matter in

3    many respects.  For instance, Plaintiff's deposition Topic #9 requires Kern County's deponent to

4    address various aspects of its discovery practices, including the method and scope of its search

5    for responsive documents.  (Doc. 94 Ex. B).  Kern County refused to produce a witness to

6    address this topic on, among other grounds, attorney-client privilege (*id.*), presumably taking the

7    position that testimony regarding practices would reveal either protected work product or a

8    privileged communication between the deponent and counsel concerning the scope of documents

9    the witness was directed by counsel to search for.  Because answering questions of this type does

10   not necessarily implicate protected communications or work product, a deponent generally

11   cannot refuse to describe what documents he searched for and how he searched for them. *See,*

12   *e.g., Auris Health, Inc. v. Gajera*, No. 21-cv-05337-TLT (SK), 2022 WL 18927429, at *2 (N.D.

13   Cal. Oct. 18, 2022) ("The people who were involved in the search can explain what terms they

14   used and what files they searched, but if the answer to why they searched in a certain manner

15   implicates attorney-client privilege, they are not required to answer."); *In re New Century*, No.

16   CV 07-0931 DDP (FMOx), 2009 WL 10691336, at *5 (C.D. Cal. Dec. 7, 2009) ("Merely

17   gathering documents from third parties does not gloss the documents with an attorney's mental

18   impressions any more that simply sharing documents with an attorney stamps the documents

19   with the imprimatur of attorney-client privilege") (quotation and citation omitted); *In re eBay*

20   *Seller Antitrust Litig*., No. C 07-01882 JF (RS), 2007 WL 2852364, at *1 (N.D. Cal. Oct. 2,

21   2007) (plaintiffs are "entitled to inquire into the facts as to what the employees receiving the

22   [document retention notices] have done in response; i.e., what efforts they have undertaken to

23   collect and preserve applicable information.").  Indeed, a court may direct a party to attest under

24   oath as to her search for responsive documents in detail, including, but not limited to, all sources

25   searched and all search parameters used.  *See In re Facebook Privacy Litig.*, No. 5:10-cv-02389-

26   RMW, 2015 WL 3640518, at *2 (N.D. Cal. June 11, 2015).

27   Perhaps most indefensible is Kern County's refusal on attorney-client privilege grounds

28   to produce a Rule 30(b)(6) witness to address Topics #7 (any "contradictions or disputes" Kern

6

County asserts as to Plaintiff's allegations in the complaint) and #8 ("facts relating to any defense, including any affirmative defenses"). As to Topic #7, notwithstanding, for instance, that Kern County asserts in its answer to the SAC numerous denials to Plaintiff's key allegations – including denying that Kern County's County Counsel disclosed to the media that Plaintiff was placed on leave due to multiple, unspecified complaints against Plaintiff by other employees (*see* Doc. 73 ¶ 37) – Kern County appears to take the position it need not submit to deposition testimony in support of its denials on attorney-client privilege grounds. Worse yet, as to Topic #8, notwithstanding, for instance, that Kern County asserts as an affirmative defense that Plaintiff's termination was based in part on the results of a "thorough and impartial investigation into Plaintiff's misconduct" (*id.* Affirm. Def. No. 27) – it has refused to submit to deposition testimony concerning affirmative defenses, again on attorney-client privilege grounds. These arguments are frivolous. *See* Fed. R. Civ. P. 26(b)(1); *see also, e.g., Stevens v. Brigham Young University – Idaho*, 420 F. Supp.3d 1114, 1123 (D. Id. 2019) (permitting Rule 30(b)(6) deposition on a topic deemed relevant to rebutting defense)) and Kern County's conduct in unilaterally refusing to comply with its discovery obligations is inexcusable.

At bottom, Kern County's written objections to the challenged deposition topics and arguments made during the discovery dispute conference are meritless as they are not supported by legal authority and otherwise fail in "clarifying, explaining, and supporting [its] objection." *Jadwin*, 2008 WL 2025093, at *1. Cognizant of the fact that relevance is broadly defined (*Oppenheimer Fund, supra*) and given Kern County's failure to offer any cogent argument to the contrary, the Court finds that all of the noticed topics that are identified in Plaintiff's Rule 30(b)(6) third amended deposition notice (Doc. 96 Ex. A) are appropriate subjects for discovery[1], subject to Kern County's assertion of objections on a question-by-question basis.

---

[1] *See, e.g., Garcia v. Juarez*, No. 1:12-cv-00750-AWI-EPG, 2016 WL 3648938, at *7-9 (E.D. Cal. July 7, 2016) (evaluative portions of internal agency investigative report, including opinions, and witness statements obtained through internal investigation deemed relevant and proper subject for discovery); *Carter v. Carlsbad*, No. 10cv1702-IEG (BLM), 2011 WL 669227, at *3-4 (S.D. Cal. Feb. 15, 2011) (same). Accord *Medina v. Cnty. of San Diego*, No. 08cv1252 BAS (RBB), 2014 WL 4793026, at *10 (S.D. Cal. Sept. 25, 2014) ("records created in the course of the investigation into the shooting death of Robert Medina are clearly relevant to this civil rights action").

**B. Kern County's Unilateral Narrowing of Noticed Deposition Topics**

Kern County similarly has failed to offer any persuasive argument in support of its purported narrowing of the scope of several noticed Rule 30(b)(6) deposition topics (specifically, Topics # 1(a), 1(e), and 10), aside from arguing generally that Rule 26 imposes a proportionality requirement in assessing the relevance of requested discovery.

The Court has considered and rejects Kern County's purported narrowing of Topics # 1(a) and 1(e). As to Topic #10, given the allegations of the complaint (*see* SAC ¶¶ 38, 77), Plaintiff is entitled to elicit deposition testimony concerning all aspects of any investigation into and discipline imposed against Mr. Garrett concerning allegations involving sexual misconduct. As the parties have entered into a stipulated protective order for the express purpose of protecting "the privacy rights of third-parties" (Doc. 79 at 2), Kern County's Rule 30(b)(6) witness may not invoke privacy as a basis to refuse to answer deposition questions seeking information about such investigations and discipline because the parties already have agreed to protective measures to safeguard against improper use and disclosure of this type of information.

**C. Unpreparedness of Kern County's Rule 30(b)(6) Witness**

In the parties' joint brief, Plaintiff alleges that Kern County's Rule 30(b)(6) witness that provided testimony concerning some of the noticed deposition topics was unprepared to fulsomely provide testimony even as to those limited deposition topics to which Kern County did not object. Producing an unprepared witness is tantamount to a failure to appear that is sanctionable under Rule 37(d). *United States v. Nolan*, No. 2:23-cv-00320-JAM-CKD, 2024 WL 4307772, at * 2 (E.D. Cal. Sept. 26, 2024) (citing *Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3rd Cir. 2000)). Kern County is admonished to comply with its duty to prepare it witness(es) to provide comprehensive and unevasive answers to questions within the scope of the noticed deposition topics. *See Bd. of Trustees of Leland Stanford Junior Univ.*, 253 F.R.D. at 526.

**D. Nonproduction of Documents Referred to by Kern County's Rule 30(b)(6) Witness**

In the parties' joint brief and as discussed during the discovery dispute conference,

8

Plaintiff alleges that Kern County's Rule 30(b)(6) witness that provided limited testimony concerning only some of the noticed deposition topics testified about and relied upon certain documents that have not been produced. To the extent any such documents have yet to be produced, Kern County will be directed to produce by a date certain any discoverable documents that were or are the subject of deposition testimony.

                          *        *        *        *        *

As discussed during the discovery dispute conference, the Court takes note that, following the initial deposition of Kern County's Rule 30(b)(6) witness, counsel seemingly softened their objections to the deposition topics addressed above and suggested they would entertain a request for further extension of discovery deadlines to accommodate further deposition testimony following anticipated mediation in the coming month. This flies in the face of the Court's repeated admonitions in its prior grants of extensions of nonexpert discovery deadlines that the parties must diligently complete discovery within the existing deadlines. In the interest of dispelling any lingering misapprehension, the Court sees no basis to find good cause for any further discovery extensions – aside from a 7-day extension of the deadline to complete the deposition of Kern County's Rule 30(b)(6) witness (in lieu of imposing evidentiary sanctions for Kern County's failure to comply with its discovery obligations to facilitate said testimony, as discussed above).

The Court cautions Kern County that its failure to make a competent Rule 30(b)(6) witness available for continued deposition in violation of this Order may be grounds for sanctions, including evidentiary sanctions. *See Lanier v. San Joaquin Valley Officials Ass'n*, No. 1:14-cv-01938-EPG, 2016 WL 4764669, at *8 (E.D. Cal. Sept. 12, 2016); *see also Jones v. Frazesn*, No. 2:09-cv-02758 RCT, 2009 WL 3254905, at *3 (E.D. Cal. Oct. 8, 2009).

**Conclusion and Order**

For the foregoing reasons and based on the discussion had during the informal discovery dispute conference, it is HEREBY ORDERED:

1. Defendant Kern County's objections to Plaintiff's notice of Rule 30(b)(6) deposition, dated March 11, 2025 (Doc. 94 Ex. B) are OVERRULED and Defendant Kern County SHALL

1  PRODUCE a witness/witnesses for deposition and make a good faith effort to prepare its

2  designees so that they can answer questions regarding the noticed Rule 30(b)(6) deposition

3  subjects fully and completely.

4    2.  Defendant Kern County shall produce to Plaintiff at least 24 hours prior to the noticed

5  Rule 30(b)(6) deposition any discoverable documents that were the subject of deposition

6  testimony by Defendant's earlier Rule 30(b)(6) witness (Lieutenant Tanner Miller).

7    3.  The deadline to complete the deposition of Defendant Kern County's Rule 30(b)(6)

8  witness (*see* Doc. 87) is extended to March 27, 2025.

9    **Any failure by Defendant Kern County to timely comply with this order may result**

10  **in the imposition of sanctions.**

11  IT IS SO ORDERED.

12  Dated:   **March 21, 2025**   _____

13                UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28